**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-01279-REB-BNB

UNITED CAR CARE, INC., and
GOLD KEY AGENCY, INC.,

      Plaintiffs,

v.

FRONTLINE DEALER MARKETING, INC.,

      Defendant.

---

**ORDER DENYING MOTION TO VACATE ORDER
OF JUNE 27, 2006 AND FOR NEW TRIAL**

---

**Blackburn, J.**

      The matter before me is defendant's **Motion to Vacate Order of June 27, 2006 and For New Trial** [#3], filed June 30, 2006.  I deny the motion.

      On May 26, 2006, plaintiffs filed suit against defendant in the District Court of Arapahoe County, Colorad, seeking to compel arbitration of a contract dispute between the parties.  Although defendant has never been served with a copy of the state court petition and motion to compel arbitration, it filed an entry of appearance in the state court case on June 12, 2006.  On June 27, 2006, the state district court entered an order granting the petition to arbitrate.  In addition, the court included in its order the proviso that "[d]efendant's request to add additional parties to the arbitration is DENIED."  Defendant promptly removed the case to this court and now asks me to vacate the order of the state court, arguing that the state court lacked jurisdiction because defendant was never served with a copy of the petition.

I disagree.  It has long been the law that a party which enters an appearance subjects itself to the jurisdiction of the court.  *See Weaver Construction Co. v. District Court In and For El Paso County, 4th Judicial District*, 545 P.2d 1042, 1046 (Colo. 1976); *People v. District Court of Fourteenth Judicial District of Colorado*, 218 P. 912, 913 (Colo. 1923).  Under Colorado law, "[t]wo requirements must be met to render an act adequate to support the inference that it is an appearance:  (1) knowledge of the pending proceeding; (2) an intention to appear."  *In re Marriage of Lockwood*, 857 P.2d 557, 561-62 (Colo. App. 1993) (citation and internal quotation marks omitted). Clearly, both those preconditions are met when counsel for a party files a formal pleading announcing their unqualified appearance in the action on behalf of their client. Accordingly, I find that the state court did not lack jurisdiction over defendant.[1]

Moreover, even if I were inclined to revisit the state court's order, I find nothing therein that would provoke me to reverse the state court's decision.  Colorado state law, which governs this dispute pursuant to the terms of the parties' contract (*see* Petition and Motion Pursuant to § 13-22-207 to Compel Arbitration, Exh. A, at 7, ¶ 13.1(c)), contemplates that the issue of arbitration shall be decided summarily unless the court finds that there is no enforceable arbitration agreement, *see* §13-22-207(1)(b), C.R.S. More to the point, defendant concedes that its dispute with plaintiffs is subject to arbitration.  The state court, therefore, did not err in ruling on the motion without a

---

[1]  Although defendant does not specify, its challenge must to be the court's assumption of personal jurisdiction over it, since no viable argument could be made that a Colorado district court, a court of general jurisdiction, *see* Colo. Const. art. VI, § 9; *Williamson v. Williamson,* 39 P.3d 1199, 1200 (Colo. App. 2001), lacks subject matter jurisdiction over a contract that expressly provides for the resolution of disputes thereunder in the courts of Colorado according to the laws of the state of Colorado.

hearing and enforcing the parties' agreement.

Defendant's related argument that the state court impermissibly precluded it from filing counterclaims against the two individual principals misconstrues the nature of the state court's ruling.  The court held simply that additional parties could not be joined. This ruling clearly was correct based on the parties before the court at that time. Because the individual principals had asserted no claims against defendant, and defendant had filed no responsive pleading bringing them within the court's jurisdiction,[2] the state court had no authority to require them to participate in the arbitration.  Nothing in the state court's order prevents defendant, within the context of the arbitration, from filing claims against these individuals to the extent they are viable and subject to arbitration, and defendant proffers nothing to suggest otherwise.

**THEREFORE, IT IS ORDERED** that defendant's **Motion to Vacate Order of June 27, 2006 and For New Trial** [#3], filed June 30, 2006, is **DENIED**.

Dated October 18, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[2] In fact, to date, defendant has not filed an answer.  Its unspecified counterclaims, therefore, are inchoate and speculative at this juncture.